UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
JERRY MERCHANT,

                 Plaintiff,

                                  <u>MEMORANDUM & ORDER</u>
     -against-               14-CV-1674(JS)(AKT)

LONG ISLAND NEWSDAY LLC, KEVIN
DEUISCH, and HOWARD SCHNAPP,

                 Defendants.
--------------------------------X
APPEARANCES
For Plaintiff:       Jerry Merchant, <u>pro se</u>
                  1006880
                  Nassau County Correctional Center
                  100 Carman Avenue
                  East Meadow, NY 11554

For Defendants:     No appearances

SEYBERT, District Judge:

       On March 12, 2014, incarcerated <u>pro se</u> plaintiff Jerry Merchant ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Long Island Newsday, LLC ("Newsday"), Kevin Deuisch ("Deuisch"), and Howard Schnapp ("Schnapp") (collectively, "Defendants"), accompanied by an application to proceed <u>in forma pauperis</u>.

       Upon review of the declaration in support of the application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. <u>See</u> 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED. However, for the reasons that follow, the Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff's brief, handwritten Complaint, submitted on the Court's Section 1983 complaint form, complains about an article written by Deuish with a photograph taken by Schnapp, concerning Plaintiff that ran in Newsday on September 22, 2013. More specifically, Plaintiff was named in an article about the arraignment of six people, including Plaintiff, the day after a courtroom fight broke out between supporters of a murder suspect and those of the victim at the District Court in Hempstead, New York. Plaintiff was one of several people pictured in the photographs accompanying the article. According to Plaintiff, the Newsday article "intentionally promoted fraudulent news" because Plaintiff was not arraigned for felony rioting as was reported. Rather, Plaintiff acknowledges that he was arraigned for "Criminal Contempt, Riot in the Second [Degree], Resisting Arrest, Obstructing of Government Admin. and Disorderly conduct." (Compl. at 5.)

As a result, Plaintiff seeks to recover "millions". (Compl. ¶ V.) Plaintiff also demands that Newsday clear Plaintiff's name and image by printing a "complete article explaining [its] errors, and Plaintiff's talents and business."

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

(Compl. ¶ V.)

DISCUSSION

I.  <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of the application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  <u>See</u> 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II.  <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  <u>See id.</u> § 1915A(b).

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally.  <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678; <u>accord</u> <u>Wilson v. Merrill Lynch & Co., Inc.</u>, 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

III. <u>Section 1983</u>

Section 1983 provides that

> [e]very person who, under color of any
> statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes
> to be subjected, any citizen of the United
> States . . . to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured . . . .

42 U.S.C. § 1983; <u>accord</u> <u>Rehberg v. Paulk</u>, --- U.S. ----, 132 S. Ct. 1497, 1501–02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" <u>Rae v. Cnty. of Suffolk</u>, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting <u>Snider v. Dylag</u>, 188 F.3d 51, 53

    A.    <u>State Action</u>

        Section 1983 "constrains only state conduct, not the
'acts of private persons or entities.'" <u>Hooda v. Brookhaven Nat'l</u>
<u>Lab.</u>, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting <u>Rendell-</u>
<u>Baker v. Kohn</u>, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed.
2d 418 (1982)).   Accordingly, "a litigant claiming that his
constitutional rights have been violated must first establish that
the challenged conduct constitutes state action." <u>Flagg v. Yonkers</u>
<u>Sav. & Loan Ass'n</u>, 396 F.3d 178, 186 (2d Cir. 2005) (internal
quotation marks and citation omitted); <u>Fabrikant v. French</u>, 691
F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of
violation of his constitutional rights under Section 1983 is . . .
required to show state action." (internal quotation marks and
citation omitted)).   Indeed, "the under-color-of- state-law element
of § 1983 excludes from its reach merely private conduct, no matter
how discriminatory or wrongful." <u>Am. Mfrs. Mut. Ins. Co. v.</u>
<u>Sullivan</u>, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130
(1999) (internal quotation marks and citation omitted).

        Private actors, such as the Defendants, may be considered
to be acting under the color of state law for purposes of § 1983 if
the private actors were "'willful participant[s] in joint activity
with the State or its agents.'" <u>Ciambriello v. Cnty. of Nassau</u>,
292 F.3d 307, 324 (2d Cir. 2002) (quoting <u>Adickes v. S.H. Kress &</u>

<u>Co.</u>, 398 U.S. 144, 152, 90 S. Ct. 1598, 1606, 26 L. Ed. 2d 142 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. <u>Ciambriello</u>, 292 F.3d at 323-24. In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." <u>Id.</u> at 324-25 (citing <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, Plaintiff does not allege that any of the Defendants acted under color of state law or acted jointly with a state actor. Nor are there any facts from which the Court could reasonably construe a conspiracy claim. Thus, in the absence of any state action, Plaintiff's Section 1983 claims against the Defendants are not plausible as a matter of law. <u>Ciambriello</u>, 292 F.3d at 325; <u>see also</u> <u>Sanders v. Long Island Newsday</u>, 09-CV-2393, 2010 WL 3419659, *5 (E.D.N.Y. Aug. 27, 2010) (dismissing Section 1983 claims against Newsday finding that "actions by journalists in publishing a newspaper article, even if those actions include interviewing prosecutors or police officers, do not constitute state action . . . ."). Accordingly, Plaintiff's Section 1983 claims against the Defendants are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED, however the Complaint is <u>sua</u> <u>sponte</u> DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Plaintiff's motion seeking an order permitting law library access and subpoenas (Docket Entry 6) is subsequently DENIED AS MOOT.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the <u>pro</u> <u>se</u> Plaintiff and to mark this case closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  May __28__, 2014
        Central Islip, New York