```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JERRY MERCHANT,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       14-CV-1674(JS)(AKT)

LONG ISLAND NEWSDAY LLC, KEVIN
DEUISCH, and HOWARD SCHNAPP,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Jerry Merchant, pro se
                   55 East Hudson Street
                   Long Beach, NY 11516

For Defendants:    No appearances
```

SEYBERT, District Judge:

Currently pending before the Court is pro se plaintiff Jerry Merchant's ("Plaintiff") motion for reconsideration of the Court's May 28, 2014 Memorandum and Order (the "May Order," Docket Entry 7). For the reasons that follow, Plaintiff's motion is DENIED.

## BACKGROUND

The Court presumes familiarity with the factual background of this case, which is set forth in the Court's May Order. Briefly, the May Order granted Plaintiff's application to proceed in forma pauperis and dismissed his Complaint against Long Island Newsday, LLC ("Newsday"), Kevin Deuisch ("Deuisch"), and Howard Schnapp ("Schnapp") (collectively, "Defendants") brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). The Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),

1915A(b)(1), finding that Plaintiff's Section 1983 claims against the Defendants were not plausible because none of the Defendants were alleged to act under color of state law nor did Plaintiff allege any facts from which the Court could reasonably construe that the Defendants conspired with a state actor. (May Order at 5-6.)

DISCUSSION

Plaintiff now seeks reconsideration of the May Order, arguing that: (1) it was improper for the Court to review the substance of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 because it had already been reviewed by the Court when his papers were processed at the time of filing; and (2) the "closed door interview with the Nassau County District Attorney's Office" is sufficient to demonstrate that the Defendants conspired with a state actor. The Court will first address the applicable legal standard on a motion for reconsideration before turning to the merits of Plaintiff's motion.

I. Legal Standard

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See In Re Gentiva Sec. Litig., 971 F. Supp. 2d 305, 332 (E.D.N.Y. 2013). The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." Herschaft v. N.Y.C.

Campaign Fin. Bd., 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation omitted). A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

Rule 60(b) of the Federal Rules of Civil Procedure also permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b). The Second Circuit instructs that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); accord United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994).

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the Court has overlooked." See Local Civ. R. 6.3. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70

3

F.3d 255, 257 (2d Cir. 1995).

Whether brought under Federal Rule or Civil Procedure 59(e) or 60(b), or Local Civil Rule 6.3, reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

II. Analysis

Plaintiff does not argue that there is new evidence demonstrating that the Court's May Order was in error. Nor does Plaintiff assert that the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Rather, Plaintiff relies on the mistaken notion that a substantive review of his Complaint was undertaken by the Court's pro se office staff at the time the Complaint was filed. Thus, insofar as Plaintiff relies on this Court's review of his Complaint in accordance with 28 U.S.C. § 1915 and § 1915A as a proper basis

4

to grant reconsideration, such reliance is misplaced.

To the extent that Plaintiff seeks reconsideration to argue that the Court erroneously concluded that the Complaint did not allege state action, a motion for reconsideration is not the appropriate vehicle. See supra pp. 2-3. Plaintiff has not made any showing of a change in the controlling law or the need to correct a clear error or to prevent a manifest injustice. Rather, Plaintiff seeks to relitigate issues already resolved by this Court. Thus, Plaintiff's motion for reconsideration is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: November   13  , 2014  
       Central Islip, New York